## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE WELLBUTRIN SR/ZYBAN ANTITRUST LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO: ) ALL ACTIONS ) ) | Master File No. 02-CV-4398 |

### ORDER NO. 2
### (Setting Initial Conference)

**AND NOW,** this 30th day of October, 2002, it appearing that the above-captioned cases merit special attention as complex litigation, **IT IS HEREBY ORDERED:**

**1. Initial Conference.** All parties shall appear for a conference on **November 6, 2002, at 2 p.m.**, in Courtroom 3-B, United States Courthouse, 601 Market Street, Philadelphia, PA 19103.

**(a) Attendance.** To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation, and attendance at the conference will not waive objections to jurisdiction, venue, or service.

**(b) Service List.** A list of names and addresses of the persons to whom this Order is being mailed is appended as "Exhibit A". Counsel on this list are requested to forward a copy of this Order to other attorneys who should be notified of the conference. A corrected service list, if needed, will be prepared after the conference.

  **(c) Other Participants.** Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

**2. Purposes; Agenda.** The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f). **A tentative agenda is appended as "Exhibit B".** Counsel are encouraged to advise the Court as soon as possible of any items that should be added to the agenda.

**3. Preparations for Conference.**

  **(a) Procedures for Complex Litigation.** Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Third, and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

  **(b) Initial Conference of Counsel.** Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, motions, and trial.

  **(c) List of Affiliated Companies and Counsel.** To assist the Court in identifying any problems of recusal or disqualification, counsel shall submit to the Court by **November 5, 2002**, a list of all companies affiliated with the parties and all counsel associated with the litigation.

**4. Preliminary Reports.** Counsel shall submit to the Court by **November 22, 2002** a brief written statement indicating their preliminary understanding of the facts involved in the litigation

and the critical factual and legal issues. These statements will not be filed with the clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. Counsel's statement shall also list all related cases pending in state or federal court and their current status, to the extent known.

**5. Interim Measures.** Until otherwise ordered by the Court:

    **(a) Pleadings.** Each Defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

    **(b) Pending and New Discovery.** Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated. This Order does <u>not</u> (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosure, in response to an outstanding discovery request under Rule 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Fed. R. Civ. P. 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

    **(c) Preservation of Records.** Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation. Each party shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the Court's permission to conduct the test. The parties may continue routine erasures of computerized data pursuant to existing programs, but they shall (1) immediately notify opposing counsel about such

programs and (2) preserve any printouts of such data. Requests for relief from this directive will receive prompt attention from the Court.

**(d) Motions.** No motion shall be filed under Fed. R. Civ. P. 11, 12, or 56 without leave of Court and unless it includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without Court action.

**6. Later Filed Cases.** This Order shall also apply to related cases later filed in, removed to, or transferred to this Court.

                                                  **BY THE COURT:**

                                                  **BRUCE W. KAUFFMAN, J.**