IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE WELLBUTRIN SR/ZYBAN ANTITRUST : 
LITIGATION : 
                                                                        :   Master File No. 02-CV-4398
 : 
THIS DOCUMENT RELATES TO : 
ALL ACTIONS : 

# **O R D E R**

AND NOW, this 28th day of February, 2003, after holding a discovery status hearing in the above-captioned matter, it is hereby **ORDERED** that:

1. Based upon the representation that there has been an initial production of documents, self-executing disclosures requirements are eliminated by agreement of counsel.

2. By March 13, 2003, the parties must finalize and execute a confidentiality agreement.

3. Discovery in this action will be staged. Merits discovery [Phase 1] will proceed first, to be followed by class discovery [Phase 2].[1] The first stage of Phase 1 discovery will proceed in the following matter:

    A. The first stage of merits discovery is limited to paper discovery.

    B. The bulk of non-privileged documents are to be exchanged in the first stage of Phase 1 discovery. All documents withheld pursuant to a claim of privilege are to be identified in the withholding party's privilege log.

    C. The first stage of merits discovery will end on July 28, 2003.

    D. On July 29, 2003 at 10:00 a.m. in Courtroom 3-H, I will hold a discovery hearing to discuss the status of this action. The parties are to be prepared to discuss the second stage of Phase 1 discovery, the completion of merits discovery. Plaintiffs' Lead Counsel and Counsel for the Defendants are to be present.

---

[1] The scheduling of Phase 2 discovery will follow in a later Order.

   E.  During the first stage of Phase 1 discovery, no party may serve contention interrogatories.

   F.  During the first stage of Phase 1 discovery, the parties may not file dispositive motions.

   G.  During the first stage of Phase 1 discovery, Defendants will not be required to state whether they intend to rely upon an "advice of counsel" defense in this litigation.

  4.  During the course of discovery, the parties are expected to work together to move this case forward.  In the event that counsel cannot, in good faith, resolve a discovery dispute without court intervention, they are directed to contact chambers through a telephone call, or letter facsimile, to request the scheduling of a conference.  A telephone or in-person conference to discuss and resolve the dispute will be scheduled in a prompt fashion.  The filing of formal discovery motions is discouraged.

  5.  Defendants' unopposed Motion for Admission of Counsel *Pro Hace Vice* [Docket Entry No. 18] is **GRANTED**.  H. Holden Brooks is admitted *pro hace vice* to represent Defendants in this litigation.

  6.  I prefer that the parties do **not** provide courtesy copies of dispositive motions to my chambers.

  7.  Given the nature of this litigation, and the number of attorneys involved, Plaintiff's liaison counsel is directed to update my chambers, in writing, as to any changes in parties and/or counsel.

         BY THE COURT:

         _____
         M. FAITH ANGELL
         UNITED STATES MAGISTRATE JUDGE

**ORDER FAX FORM**

If you want your Order faxed,
please provide names and fax numbers below.
Thank you.

**CASE NO. 02-4398**

**TODAY'S DATE**: February 28, 2003          **LAW CLERK'S INITIALS**: JJK

| | **NAME** | **FAX NUMBER** (Area Code & Number) |
|---|---|---|
| 1. | Anthony J. Bolognese, Esq. | 215-814-6764 |
| 2. | Marc A. Topaz, Esq.<br>Joseph H. Meltzer, Esq. | 610-667-7056 |
| 3. | J. Douglas Richards, Esq.   .<br>Michael M. Buckman, Esq | 212-868-1229 |
| 4. | Thomas M. Sobol, Esq.<br>Jeniene Andrews-Matthews, Esq. | 617-482-3003 |
| 5. | Christopher A. O'Hara, Esq. | 206-623-0594 |
| 6. | Mark S. Stewart, Esq.<br>Leslie E. John, Esq | 215-864-8999 |
| 7. | William J. Baer, Esq.<br>Kenneth A. Letzler, Esq.<br>Cathy Hoffman, Esq.<br>Amy R. Mudge, Esq.<br>June Im, Esq. | 202-942-5999 |